# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1987V
UNPUBLISHED

|  |  |
|---|---|
| CHARLEE MITCHELL, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 7, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On December 30, 2019, Charlee Mitchell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of her October 29, 2018 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 3, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in the case. It is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"). Petitioner had no history of pain, inflammation or dysfunction in her left shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her initial symptoms. 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10).

*Id.* at 4.  Respondent further agrees that

> the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies. the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i). Petitioner avers that no civil action or proceedings have been pursued in connection with the vaccine-related injury. *See* 42 U.S.C. §§ 300aa-11(a)(5) and -11(c)(1)(E); Ex. 8, ¶5.

*Id.* at 4-5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master